IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 13-cv-02280-LTB-MJW

JAMES ALEXANDER,

       Plaintiff,

v.

STELLAR RECOVERY, INC., a Florida corporation,

       Defendant.

_____

ORDER
_____

       This matter is before me on Motion for Attorney Fees [**Doc #26**] filed by Plaintiff, James Alexander, seeking an award of the fees he incurred in this matter against Defendant, Stellar Recovery, Inc. ("Stellar Recovery"), following an entry of judgment on Plaintiff's claim that Stellar Recovery violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (the "FDCPA"). Oral argument would not materially assist me in the determination of this motion. After consideration of the parties' briefs and accompanying affidavits and records, and for the reasons stated below, I GRANT the motion in part and I DENY it in part, as follows.

### I. BACKGROUND

       On August 23, 2013, Plaintiff filed a complaint against Stellar Recovery alleging a violation of the FDCPA and seeking damages as well as reasonable attorney fees and costs pursuant to 15 U.S.C. §1692k(a) and §1692k(a)(3). [Doc #1] On March 5, 2014, the Court entered an order substituting the current Plaintiff for the original Plaintiff, Carla Alexander, due

to her death. [Doc #22]  Judgment was thereafter entered for Plaintiff and against Stellar Recovery on March 31, 2014, in the amount of $1,001.00 plus costs and reasonable attorney fees, pursuant to a Fed.R.Civ.P. 68 Offer of Judgment. [Doc #24]  A Bill of Costs, based on stipulation of the parties, was entered by the clerk and, as such, $1,853.41 of costs were taxed against Stellar Recovery on April 14, 2014. [Doc #28]  Plaintiff now seeks an award of attorney fees.

## II. LAW

Section 1692k(a) of the FDCPA provides that a defendant is liable to a successful plaintiff for, among other things, "a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3).  To determine the "reasonable fee" under the FDCPA, I calculate the "lodestar amount." *Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010)(*citing Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).  The lodestar is the "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, which produces a presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances." *Anchondo v. Anderson, supra,* 616 F.3d at 1102 (*citing Hensley v. Eckerhart*, *supra*, 461 U.S. at 433).  "The burden of proving the claimed number of hours and rate is on the applicant." *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).  A district court's attorney fee award is reviewed for an abuse of discretion. *Anchondo v. Anderson, supra*, 616 F.3d at 1101 (*citing Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995)).

### III. ANALYSIS

In Plaintiff's motion for attorney fees, he seeks an award in the amount of $13,725.00 (representing 54.91 hours of work at a rate of $250 per hour) plus an additional estimated amount of $1,250.00 (representing 5 hours of estimated work at $250 per hour for reviewing the response and drafting a reply to this motion) for work performed by his attorney, David M. Larson.

*A. Hourly Rate*

Stellar Recovery does not contest or challenge Mr. Larson's hourly rate, sought in this case, of $250 per hour.  "The setting of a reasonable hourly rate is within the district court's discretion," *Jane L. v. Bangerter*, *supra*, 61 F.3d at 1510, but it should be in line with "prevailing market rates in the relevant community" for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 896 FN.11, 104 S. Ct. 1541, 79 L.Ed2d 891 (1984).  After reviewing the briefs, attached affidavits, and the relevant legal authority from this district, I conclude that the requested rate of $250 per hour is a reasonable hourly rate for attorneys with skill and experience comparable to Mr. Larson's. *See e.g. King v. Midland Credit Mgmnt., Inc.,* 11-cv-02808-CMA-BNB, 2012 WL 3590787 (D.Colo., Aug. 20, 2012)*; White v. Cavalry Portfolio Services, LLC,* 11-cv-2217-LTB-KLM, 2012 WL 899280 (D.Colo., March 16, 2012).

*B. Hours Expended*

Stellar Recovery does, however, take issue with the number of hours Plaintiff is claiming were reasonably expended by his attorney in the course of this litigation.  Plaintiff's burden "is to prove and establish the reasonableness of each dollar, each hour, above zero." *Mares v.*

*Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986)(quotations omitted).  "The Supreme Court, recognizing that not all hours expended in litigation are normally billed to a client, noted that an applicant should exercise 'billing judgment' with respect to a claim of the number of hours worked." *Malloy v. Monahan*, *supra*, 73 F.3d at 1018.  "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, . . . [h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley v. Eckerhart, supra,* 461 U.S. at 434.  Hence, the court has a "corresponding obligation to exclude hours 'not reasonably expended' from the calculation." *Malloy v. Monahan*, *supra*, 73 F.3d at 1018.

Plaintiff asserts that Mr. Larson spent 61 hours in the litigation of this matter, through the date of filing this motion for fees, but is voluntarily reducing the hours requested by 10% (for billing discretion) to the 54.9 hours requested.  In support of the hours spent, Plaintiff provides an itemization of the time, a corroborating affidavit from Mr. Larson, and an affidavit from Richard B. Wynkoop, an attorney that also brings cases under the FDCPA in this district.  Mr. Wynkoop avers that he reviewed the time expended by Mr. Larson "and finds it consistent with similar legal practices and reasonable for the work expended."  He avers that the time is reasonable in light of the amount in controversy, the time required to effectively represent the client, the complexity of the case, the value of the legal services, and customary practice.

In response, Stellar Recovery argues that the hours sought are excessive in that much of the time incurred this matter was unnecessary and/or duplicative.  Stellar Recovery argues that Plaintiff should be awarded no more than 30 to 32 hours, or between $7,500.00 and $8,000.00 in

total fees.  Based on my review of the briefs, the billing records therein, and attached affidavits, I conclude that Plaintiff has not met his burden of showing that each of the hours requested was reasonably expended in this litigation.

As an initial matter, I reject Stellar Recovery's argument that the time spent to substitute parties after the initial Plaintiff died – which it claims totaled 6.9 hours, including 2 hours of drive time – should not be charged to it.  Such time was, unfortunately, necessary and reasonable to the litigation of this particular case, and I am unpersuaded by its argument that "it is unlikely that Mr. Larson could have billed Plaintiff" for this time.  I likewise reject Stellar Recovery's contention that it should not be charged for Mr. Larson's time billed to reschedule a scheduling conference on the basis that he needed it moved in order to accommodate his schedule.

However, I agree with Stellar Recovery that the time spent to draft a motion for summary judgment which, in turn, was never filed, was unnecessary and should not be included in the reasonable hours expended in this case.  As such, I will deduct the 6.0 hours attributed to drafting a summary judgment motion from the hours sought.  In addition, the 2.0 hours billed to review Plaintiff's deposition – which was not taken – will also be deducted.

I disagree with Stellar Recovery that the 3.0 hours billed by Mr. Larson for his initial meeting with his client (1.5 hours) and for drafting and filing the complaint (1.5 hours) was excessive even when he has filed numerous such complaints against Stellar Recovery with only minor revisions.  However, the 2.5 hours billed to draft a Notice of Deposition, and the 8.2 hours billed to prepare for a 2.5 hour deposition (of Stellar Recovery's representative) is excessive and, as a result, I will cut these hours by 50% and will deduct 5.3 hours from the total hours sought.  I likewise agree with Stellar Recovery that the amount of time billed by Mr. Larson to review and

consider the Offer of Judgment and to draft a Notice of Acceptance, in the total amount of 2.8 hours, is excessive and I will likewise cut these hours by 50 % and deduct 1.4 hours. I believe that these deductions rectify any complained-of time billed for review of routine documents and/or excessive communications with Plaintiff and defense counsel.

Finally, I find that the time itemized for drafting this motion seeking attorney fees of 2.5 hours is not excessive. However, the 1 hour billed for emailing defense counsel and discussing the matter with Plaintiff is, and shall be reduced by 50% to .5 hours. Moreover, the 5.0 hours requested in the motion as an estimate to review the response and file a reply to this motion, pursuant to Fed. R. Civ. P. 54(d)(2)(B)(iii), is rejected in light of the failure to document the time actually spent and, more importantly, the apparent lack of revision and attention to detail in Plaintiff's reply which fails to address the specifics of this case.

In so ruling I note that other judges – including myself – have recently found similar issues with Mr. Larson's billing and made comparable reductions in expended hours. *See generally Miracle Gash v. Client Services, Inc.,*12-cv-01426-LTB-MJW, 2013WL 1130717 (D.Colo. 2013)(listing cases and reductions made).

Therefore, because I have determined that some of the billing times in this matter are excessive/duplicative, I conclude that the hours sought by Plaintiff for his attorney fees will be reduced as follows. I take the original number of hours billed (61) and I subtract 6 hours for the unfiled motion for summary judgment and 2 hours for reviewing Plaintiff's deposition. I then subtract 7.2 hours (50% of the time billed for drafting the Notice of Deposition, deposition preparation time, review and acceptance of the Offer of Judgment, and communications regarding this motion) in order to discount hours for excessive billing. The result is a total

number of 45.8 hours as reasonably expended in this litigation. In making this decision, I note that I "need not identify and justify every hour allowed or disallowed." *Malloy v. Monahan*, *supra*, 73 F.3d at 1018; *see also Fox v. Vice,* — U.S. —, 131 S.Ct. 2205, 2217, 180 L.Ed.2d 45 (2011)(indicating that "[t]he essential goal in shifting fees is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time").

## *C. Lodestar Amount*

Using the determinations above, the lodestar amount is $11,450.00 (45.8 hours multiplied by $250). This amount is "presumptively reasonable" and "may in rare circumstances be adjusted to account for the presence of special circumstances." *Anchondo v. Anderson, supra*, 616 F.3d at 1101 (*citing Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S.Ct. 1662, 1673, 176 L.Ed.2d 494 (2010)). Plaintiff does not argue, nor am I aware, that special circumstances exist to support an adjustment. *See Perdue v. Kenny A., supra,* 559 U.S. at 553 (noting that "the burden of proving that an enhancement is necessary must be borne by the fee applicant. . . [and] a fee applicant seeking an enhancement must produce 'specific evidence' that supports the award"). Accordingly, I conclude that a reasonable fee in this case is $11,450.00, and because Plaintiff prevailed in his FDCPA action, I award him this amount pursuant to 5 U.S.C. §1692k(a)(3).

Therefore, IT IS ORDERED that Plaintiff's Motion for Attorneys Fees [**Doc #26**] is GRANTED up to $11,450.00, but the portion seeking an award above that amount is DENIED.

Date: July  3 , 2014 in Denver, Colorado.

                                                    BY THE COURT:

                                                     s/Lewis T. Babcock
                                                    LEWIS T. BABCOCK, JUDGE